**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD ALLEN YOUNG, | No. 12-17470 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00114-CRB |
| v. | |
| TRANS UNION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Howard Allen Young appeals pro se from the

district court's judgment in his action alleging violations of the Fair Credit

Reporting Act ("FCRA") and the Right to Financial Privacy Act ("RFPA"). We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment and a dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Young's RFPA claim because Young failed to raise a genuine dispute of material fact as to whether defendants Visa and Alex Bouja were subject to the RFPA. *See* 12 U.S.C. § 3402 (prohibiting federal government authorities from accessing or obtaining copies of "financial records of any customer from a financial institution"); *id.* § 3401 (definitions).

The district court properly dismissed Young's FCRA claim because Young failed to allege facts sufficient to show that the defendants disclosed Young's credit records for an improper purpose. *See* 15 U.S.C. § 1681b(a)(1) (consumer reporting agencies may furnish consumer reports in response to a proper court order); *see also* Cal. Penal Code § 1524(a)(4) (state trial courts permitted to issue search warrants for evidence that tends to show a felony was committed).

The district court did not abuse its discretion in denying Young's motions to appoint counsel because Young did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Young's motion, filed on November 3, 2014, is denied.

**AFFIRMED.**